UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:

MIRNA MENESES, an individual,

        Plaintiff,

vs.

FRANK PEREZ SIAM, P.A.,
a Florida Professional association,

        Defendant.

_____/

### COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF

Plaintiff, Mirna Meneses, an individual, sues Defendant, Frank Perez Siam, P.A., a Florida professional association, and alleges:

### I. PRELIMINARY STATEMENT

1.     This is an action brought pursuant to 15 U.S.C. § 1692, *et sequi*, known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2.     The jurisdiction of this Court arises under 15 U.S.C. § 1692 and 28 U.S.C. § 1337.

### III. ALLEGATIONS AS TO PARTIES

3.     Plaintiff, Mirna Meneses ("Ms. Meneses"), is *sui juris,* and a resident of Miami Dade County.

4.     At all times material hereto, Defendant, Frank Perez Siam, P.A. ("Collection Law

Firm"), was a Florida professional association, doing business in Miami-Dade County, Florida.

5. Defendant is or was engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempted to collect consumer debts alleged to be due to another in Miami Dade County, Florida.

## IV. FACTUAL ALLEGATIONS

6. For a period of time, Defendant acted as a collection attorney for various condominium and homeowner associations in the State of Florida, including but not necessarily limited to West Palm Villas IV Condominium Association, Inc. ("Association").

7. In the course of its representation of condominium associations, Defendant regularly collected or attempted to collect monies from consumers for delinquent condominium association fees and assessments ("Association Fees") owed or asserted to be owed to others.

8. On or about October 26, 2009, Defendant sent or caused to be sent to Ms. Menseses written correspondence for the purpose of collecting monies for Association Fees purportedly owed by Ms. Meneses to the Association ("Collection Association").

9. A copy of the Collection Communication is attached hereto and incorporated by reference as "Exhibit A".

10. Defendant, through the Collection Communication, falsely, deceptively, and unfairly stated to Ms. Meneses the following:

> **Enclosed is a copy of a Claim of Lien which has been filed and recorded against this unit for failure to pay Maintenance Assessments Pursuant to the Declaration of Rights, Restrictions and Covenants and Florida Statute Section 718-116(5), notice is hereby given that a foreclosure action will be commenced unless the following amounts are paid in full within (30) days from the date of this letter:**

11. The representation that a Claim of Lien had been recorded in the Public Records of Miami-Dade County, Florida was false as no Claim of Lien had been filed in the Public Records of Miami-Dade County, Florida at the time the letter was sent.

12. Despite the fact that a Claim of Lien had not been filed in the Public Records of Miami Dade County, Florida, Defendant nonetheless claimed the right to collect the sum of Two Hundred Fifty ($250) Dollars for "Title Search/ Examination", as well as Twenty ($20) Dollars for "Recording Fee", and Three Hundred and Ninety Five ($395) Dollars for "Claim of Lien".

13. The Collection Communication demands a total of $2,122.50 from Ms. Meneses. This amount includes $1,162.50 in Condominium Assessment Fees as well as $960 in attorney fees and costs.

14. Directly beneath the amounts listed in the Collection Communication, the Collection Communication advises Ms. Meneses that:

> **Once the above amount is received, and if the payment brings your account current, Satisfaction of Claim of Lien will be recorded and forwarded to you. If not, the lien will secure additional assessments outstanding, as well as costs, interest and attorney fees in collecting the additional amounts.**

15. Upon information and belief, for an extended period of time prior to the filing of the instant action, Defendant has maintained a practice and pattern of transmitting, or causing to be transmitted, letters in the form of the Collection Communication to consumers such as Ms. Meneses for various homeowners and condominium associations in the State of Florida which demanded that consumers pay attorneys for the Title Search Expense, the Recording Fee, and the Claim of Lien fee.

16. Upon information and belief, the Title Search Expense, the Recording Fee, and

3

the Claim of Lien fee referred to in the Collection Communication was not actually incurred by Defendant at the time that the Collection Communication was sent.

17. It is or was the policy and practice of Defendant to send collection letters in the form of "Exhibit A" to consumers in a manner which was reasonably calculated to confuse or frustrate consumers with respect to advising consumers as to the right of consumers with respect to the validation of consumers debts under 15 U.S.C. § 1692g.

18. It is or was the policy and practice of Defendant to send collection letters in the form of "Exhibit A" to consumers wherein Defendant collected or attempted to collect for attorney fees and other charges for which the Defendant was not entitled to recover from consumers such as Ms. Meneses.

## COUNT 1- ACTION FOR VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (15 USC § 1692, ET SEQUI)

19. This is an action for violation of 15 U.S.C. § 1692, *et sequi*, known more commonly as the Fair Debt Collection Practices Act ("FDCPA").

20. Ms. Meneses realleges and reaffirms the allegations contained in Paragraphs 1 through 18 above as if set forth hereafter in full.

21. At all times material hereto, Ms. Meneses was a "consumer" as that term is defined under 15 U.S.C. § 1692a(3).

22. At all times material hereto, the Association was a "creditor" as that term is defined under 15 U.S.C. § 1692a(4).

23. At all times material hereto, the Association Fees were a "debt" as that term is defined under 15 U.S.C. § 1692a(5).

24. At all times material hereto, Defendant was a "debt collector" as that term is defined under 15 U.S.C. § 1692a(6).

25. As more particularly described above, Defendant has violated the FDCPA in that Defendant has:

(a) used false, deceptive, or misleading representations in connection with the collection of any debt in contravention of 15 U.S.C. § 1692d;

(b) made a false representation of the character, amount or legal status of any debt in contravention of 15 U.S.C. § 1692e(2)(A);

(c) made a false representation of the services rendered and compensation which may be lawfully received by any debt collector of a debt in contravention of 15 U.S.C. § 1692e(2)(B);

(d) used false representations or deceptive means to collect or attempt to collect a debt in contravention of 15 U.S.C. § 1692e(10); and

(e) used unfair and unconscionable means to collect or attempt to collect debt in contravention of 15 U.S.C. § 1692f.

26. 15 U.S.C. § 1692g provides in pertinent part, the following:

<u>Notice of Debts; Contents</u>

Within five days after the initial communication from the consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer written notice containing:

(a) The amount of the debt;

(b) The name of the creditor to whom the debt is owed;

 (c) A statement that unless the consumer, within thirty days after receiving the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

 (d) A statement that if the consumer notifies the debt collector in writing within the thirty day period, the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

 (e) A statement that upon the consumer's written request within the thirty day period, the debt collector will provide the consumer with the name and address of the original creditor if different from the current creditor.

27. The Defendant violated the requirements of 15 U.S.C. § 1692g by failing to provide Ms. Meneses with a proper validation notice in the Collection Communication which was the initial communication regarding the collection of the debt. A proper validation notice was not sent to Ms. Meneses.

28. As a direct and proximate result of the violation of the FDCPA by the Defendant, Ms. Meneses has been damaged. The damages of Ms. Menseses include but are not necessarily limited to mental pain and distress, suffering, aggravation, humiliation, and embarrassment.

29. Pursuant to 15 U.S.C. § 1692k, Ms. Meneses is entitled to recover actual damages together with statutory damages of $1,000, along with court costs and reasonable attorney fees.

WHEREFORE, Plaintiff, Mirna Menses, an individual, demands judgment against Defendant, Frank Perez Siam, P.A., a Florida professional association, for actual and statutory damages, together with interest, costs and attorney fees pursuant to 15 U.S.C. § 1692k, and for such other relief as justice may require.

## DEMAND FOR JURY TRIAL

Plaintiff, Mirna Menseses, pursuant to Rule 38, Federal Rule of Civil Procedure,

demands a trial by jury on all issues so triable.

                                                Respectfully submitted,
                                                LEGAL SERVICES OF GREATER MIAMI, INC.

                                                By _____
                                                Sean Rowley, Esq.
                                                Florida Bar No. 0026935
                                                Attorney for Defendant
                                                3000 Biscayne Boulevard
                                                Suite 500
                                                Miami, FL 33137
                                                Telephone: (305) 438-2414
                                                Fax:(305) 573-5800
                                                Srowley@LSGMI.org